UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CAIN,
     Plaintiff,

v.

UNITED STATES
DEPARTMENT OF JUSTICE &
UNITED STATES MARSHAL
SERVICE,
     Defendants.

_____/

Case No.: 19-12483

David M. Lawson
United States District Judge

Michael J. Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION:**
**DISMISSAL OF DEFENDANT UNITED STATES MARSHAL SERVICE**

## I.    DISCUSSION

Plaintiff brought this action *pro se* under 5 U.S.C. § 552, the Freedom of Information Act (FOIA) for withholding or delaying the release of records. (ECF No. 1). He named both the United States Department of Justice (USDOJ) and United States Marshals Service (USMS) as defendants. Plaintiff's application to proceed *in forma pauperis* was granted, and plaintiff was directed to provide service documents for service of process by the U.S. Marshal. (ECF Nos. 4, 5). Plaintiff provided service documents for defendant USDOJ only. (*See* ECF No. 8 – USMS acknowledgement of receipt of service of process documents). A summons was issued for USDOJ on September 20, 2019. (ECF No. 9). This

matter was referred to the undersigned for all pretrial matters on December 30, 2019.  (ECF No. 10).

A review of the docket reveals that USDOJ and USMS still have not been served with the summons and complaint.  The undersigned will address the issue as to the USDOJ in a separate order.

USMS, however, should be *sua sponte* dismissed from this matter because it is not an agency itself under 5 U.S.C. § 522(f)(1).  Rather, it is a component of USDOJ, who is the real party in interest here.  The Freedom of Information Act provides a limited waiver of the federal government's immunity for district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *See* 5 U.S.C. § 552(a)(4)(B). An "agency" is defined as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f). USMS is a departmental component of DOJ, not an agency.  As such, USDOJ is the proper defendant.  *See Judicial Watch, Inc. v. F.B.I.*, 190 F. Supp. 2d 29, 30 n. 1 (D.D.C. 2002) ("The defendant correctly notes that the proper defendant under the Freedom of Information Act is the United States Department of Justice ("DOJ") as the 'agency,' rather than the FBI, which is a component of DOJ and

therefore not an 'agency' within the statutory definition."); *Brown v. U.S. Dep't of Justice*, 2015 WL 11233059, at *1, n.1 (E.D. Cal. Apr. 30, 2015 (Holding that USDOJ was the proper party, not the Drug Enforcement Administration which is a component of USDOJ); *Cawthon v. U. S. Dep't of Justice*, 2006 WL 581250, at n. 1 (D.D.C. Mar. 9, 2006) ("The plaintiff names the Department of Justice and the Bureau of Prisons as defendants in this case. FOIA authorizes lawsuits solely against federal agencies. . . . The court therefore substitutes the Department of Justice, of which BOP is a component, as the real party in interest and hereafter refers to the defendants in the singular."). Accordingly, USMS should be dismissed from this matter.

## II.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant United States Marshal Service be **DISMISSED** without prejudice from this case.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 21, 2020                              s/Michael J. Hluchaniuk
                                                   Michael J. Hluchaniuk
                                                   United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 21, 2020, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: <u>Derrick Cain, 12016 Glastonbury, Detroit, MI  48228.</u>

<u>s/ Durene Worth</u>
Case Manager
(810) 341-7881
durene_worth@mied.uscourts.gov