UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CAIN,

                Plaintiff,        Civil Action No. 19-12483

v.                                  David M. Lawson
                                  United States District Judge

UNITED STATES           David R. Grand
DEPARTMENT OF JUSTICE,   United States Magistrate Judge

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16)**

**I.    REPORT**

Before the Court is a Motion for Summary Judgment filed on October 18, 2021, by Defendant United States Department of Justice ("DOJ"). (ECF No. 16). *Pro se* plaintiff Derrick Cain ("Cain") did not file a response to this motion, and the time for responding has passed.[1] An Order of Reference was entered on October 26, 2021, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 17).

---

[1] Cain's failure to respond to the DOJ's summary judgment motion is grounds for the Court to grant the motion as unopposed. *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989). However, to ensure the DOJ has satisfied its burden for obtaining summary judgment, and for the sake of completeness, the Court will analyze the issues raised in the motion. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) ("a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [its] burden.")

### A.     Background

In his complaint, Cain alleges that, on May 5, 2016, members of a United States Marshals Task Force wrongfully searched his home while trying to execute an arrest warrant for his nephew. (ECF No. 1, PageID.1-2). On July 11, 2018, Cain submitted a request to the U.S. Marshals Service under the Freedom of Information Act ("FOIA"), seeking the names of the officers involved in executing the arrest warrant. (ECF No. 16-2). In an affidavit submitted in support of its summary judgment motion, the DOJ indicated that the U.S. Marshals Service searched its records and determined that it did not possess any records related to the arrest warrant. (ECF No. 16-3, PageID.70). On August 16, 2018, the Marshals Service sent Cain a letter to this effect. (ECF No. 1, PageID.6).

In response to the agency's letter, Cain asked the Marshals Service to search additional databases. (ECF No. 16-3, PageID.70-71). On March 14, 2019, the Marshals Service provided an additional response to Cain's FOIA request, again indicating that its search located no responsive records, suggesting that the records Cain sought may be in the possession of one of the local law enforcement agencies participating in the task force, and encouraging Cain to contact those agencies.[2] (ECF No. 16-4).

Cain then filed suit against the DOJ and the Marshals Service[3] under the FOIA,

---

[2] Indeed, in a related case, Cain filed a lawsuit against one of the task force officers, alleging that the execution of the arrest warrant violated his constitutional rights. *See Cain v. Rinehart*, Civil Action No. 19-11278. Despite the fact that Cain did not serve any discovery requests in that case, the task force officer located records related to the arrest warrant at the Wayne County Jail and voluntarily produced those records to Cain, subject to a protective order. (ECF No. 16-6).

[3] On April 21, 2020, Magistrate Judge Michael J. Hluchaniuk issued a Report and Recommendation ("R&R") to dismiss the United States Marshal Service as a defendant in this matter because it is not an agency itself under 5 U.S.C. § 522(f)(1) but, rather, is a component of

alleging that these agencies wrongfully withheld records in response to his FOIA request. (ECF No. 1).  In its instant motion, the DOJ argues that it is entitled to summary judgment because (1) it performed a reasonable search of its records in response to Cain's FOIA requests but did not locate any relevant records (because the records were in the possession of a local law enforcement agency); and (2) Cain's suit is futile because, even if it had located relevant records, the FOIA would have required it to redact the names of the law enforcement officers involved in the execution of the arrest warrant before producing those records. (ECF No. 16).  For the reasons set forth below, the Court finds merit to both arguments.

      **B.**    **Standard of Review**

Pursuant to Rule 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011).  A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

---

the DOJ, who is the real party in interest. (ECF No. 12).  The R&R was adopted by the Honorable David M. Lawson on May 18, 2020. (ECF No. 14).  Thus, the DOJ is the sole remaining defendant in this case.

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (internal quotations omitted).

    **C.**    **Analysis**

        *1.*    *The Agency Performed a Reasonable Search*

The FOIA requires administrative agencies to make records "promptly available" in response to requests that (1) "reasonably describe[] such records" and (2) are "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed" for releasing such records. 5 U.S.C. § 552(a)(3)(A). An agency responding to a FOIA request must, to the extent that it is unable to turn over properly requested documents, show that it made "a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *CareToLive v. FDA*, 631 F.3d 336, 340 (6th Cir. 2011).

An agency may establish the adequacy of its search through "sworn documents that provide reasonable details concerning the scope of its search." *Kohake v. Dep't of Treasury*, 630 F. App'x 583, 587 (6th Cir. 2015). "In the absence of countervailing evidence or apparent inconsistency of proof, such affidavits will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 547 (6th Cir. 2001) (internal quotation marks and alterations omitted).

Here, the agency's search was reasonable under the FOIA. Cain provided the agency with three criteria to search for documents: his name, his address, and the date on which the task force attempted to execute the arrest warrant. (ECF No. 16-2). According to the affidavit submitted by the DOJ in support of its summary judgment motion, the agency performed several searches of its databases using these criteria, as well as a search of its records in the Eastern District of Michigan. (ECF No. 16-3, PageID.69-72). However, the agency did not locate any records responsive to Cain's request because, it turns out, the documents Cain requested were not in the agency's possession, but instead were located at the Wayne County Jail. (ECF No. 16-6). Cain has mounted no challenge whatsoever to the DOJ's evidence, and accordingly, there is "no genuine issue of material fact with regard to the adequacy of the search for records conducted by [the DOJ] in response to [Cain's] request." *Chilingirian v. U.S. Att'y Exec. Off.*, 71 F. App'x 571, 572 (6th Cir. 2003). *See also*, *Rugiero*, 257 F.3d at 547. Thus, the DOJ's summary judgment motion should be granted.

    2.    *The Requested Information is Exempt from the FOIA*

The DOJ is also entitled to summary judgment because the information Cain sought

is exempt from disclosure under the FOIA. Several types of information are exempt from disclosure under FOIA, two of which are relevant in this case. *See* 5 U.S.C. § 552(b) (listing FOIA exemptions). First, under § 552(b)(7), an agency may not disclose "records or information compiled for law enforcement purposes" if the release of those records "could reasonably be expected to constitute an unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(7)(C). When determining whether the release of a law enforcement record could reasonably be expected to constitute an unreasonable invasion of personal privacy, courts apply "a balancing test under which courts identify the privacy interest at stake and weigh it against the public interest in disclosure." *Rugiero*, 257 F.3d at 550. "A clear privacy interest exists with respect to such information as names, addresses, and other identifying information even where such information is already publicly available." *Id*. Second, an agency may not disclose law enforcement records that "could reasonably be expected to endanger the life or physical safety of any individual" if those records were released. 5 U.S.C. § 552(b)(7)(F). Under this exemption, the Sixth Circuit has affirmed a federal law enforcement agency's withholding of the names of its officers in response to a FOIA request because public disclosure of their names could have endangered the officers. *See Rugiero*, 257 F.3d at 552.

Here, Cain requested the names of law enforcement officers contained in law enforcement records, which are exempt from disclosure under § 552(b)(7)(C) and (F). As the Sixth Circuit has noted, law enforcement officers have a "clear privacy interest" in the release of their names and releasing their names to the public may endanger them. *See Rugiero*, 257 F.3d at 550. Likewise, there is no public interest in the release of their names,

6

as Cain seeks these officers' names only to pursue a private lawsuit against them.[4] Accordingly, Cain's suit is futile because, even if the agency possessed documents responsive to his FOIA requests, the statute would have required that it redact the specific information he sought. For this reason, too, the DOJ's summary judgment motion should be granted.

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that the DOJ's Motion for Summary Judgment **(ECF No. 16)** be **GRANTED**.

Dated: December 20, 2021                s/David R. Grand
Ann Arbor, Michigan                     DAVID R. GRAND
                                        United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising

---

[4] The Sixth Circuit "has made clear that the purpose of FOIA is not to act as a substitute for the normal process of discovery in civil and criminal cases and will not turn the purpose of advancing private litigation into a public one." *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012) (internal quotation marks omitted).

some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2021.

                                                          s/Eddrey O. Butts  
                                                        EDDREY O. BUTTS  
                                                        Case Manager